[No. 1461-2.    Division Two.    June 10, 1975.]

THE CITY OF ABERDEEN, *Appellant,* v. GARY COLE,
*Respondent.*

*John L. Farra,* for appellant.

*John M. Wolfe,* for respondent.

ARMSTRONG, C.J.—The City of Aberdeen appeals from a dismissal of its action against Gary Cole on two counts of driving while his privilege to do so was suspended. The first impression issue presented is whether one who does not and never has had a driver's license issued by the State of Washington can be charged and convicted under RCW 46.20.342, which prohibits driving when one's privilege to do so is suspended.

The facts are undisputed. Gary Cole has never had a driver's license from Washington or any other jurisdiction. On September 23, 1972, he was convicted of driving while under the influence of intoxicating liquor, and an order was entered by the Department of Motor Vehicles purporting to suspend his privilege to drive.[1] On May 19, 1973, and on

---

[1]The order stated:

"As of the effective date shown, your privilege to drive a vehicle in the State of Washington is suspended until reinstated.

June 17, 1973, he operated a motor vehicle and was stopped and cited by an Aberdeen police officer. He was convicted in Aberdeen Police Court of two counts of driving during a period of suspension. On appeal the Superior Court dismissed the charges against Cole on the ground that since he had no driver's license, he had no privilege to drive and therefore he could not be charged with driving while such a privilege was suspended.

RCW 46.20.342(1) provides in relevant part:

> Any person who drives a motor vehicle on any public highway of this state at a time when his privilege so to do is suspended or revoked or when his policy of insurance or bond, when required under this chapter, shall have been canceled or terminated, shall be guilty of a misdemeanor.

Before 1965, the comparable section prohibited driving while one's "license" was suspended or revoked. Laws of 1937, ch. 188, § 69; Laws of 1961, ch. 12, § 46.20.350. In *State v. Markley*, 34 Wn.2d 766, 210 P.2d 139 (1949), it was held that one who did not have a driver's license could not be charged and convicted under this section.

In 1965, the Washington Motor Vehicle Code underwent revision, and the pertinent portions of this section were changed to read as they do now. Laws of 1965, 1st Ex. Sess., ch. 121, § 43. As section 1 of the amendatory act indicates, the revision was modeled after the Uniform Vehicle Code, though substantial differences were created by various amendments. The term "privilege" was introduced into the act for the first time and can be found in many sections, especially sections of chapter 20 of RCW Title 46. The word is seemingly used in many ways, sometimes synonymously with "license" and at times encompassing such concepts as a nonresident's privilege to drive in the state or the privileges granted under occupational and learners permits. RCW 46.20.021(2) provides in part: "Any person licensed

---

". . .

"If you are not licensed in Washington you lose your *privilege* to drive motor vehicles in Washington on the effective date."

as a driver hereunder may exercise the privilege *thereby* granted . . ." (Italics ours.)

■ The use of the term in other sections does not concern us, however, since we find that the language of RCW 46.20.342 is unambiguous. When the language of a statute is clear there is no room for judicial interpretation. *Roza Irrigation Dist. v. State*, 80 Wn.2d 633, 497 P.2d 166 (1972).

■ The statute refers to those whose "privilege so to do [drive]" is suspended. Cole never had any type of privilege to drive. The Department of Motor Vehicles could not suspend that which he did not have. Even if there is such a thing as a privilege to apply for a license, this section does not deal with it. This interpretation is consistent with subsection (2) of RCW 46.20.342, which sets forth the procedure that the department is to use when a person is convicted under subsection (1). It states:

> The department upon receiving a record of conviction of any person or upon receiving an order by any juvenile court or any duly authorized court officer of the conviction of any juvenile *under this section* upon a charge of driving a vehicle while the *license* of such person is under suspension shall extend the period of such suspension for an additional like period and if the conviction was upon a charge of driving while a *license* was revoked the department shall not issue a new license for an additional period of one year from and after the date such person would otherwise have been entitled to apply for a new license.

(Italics ours.) This subsection speaks in terms of "license," and reflects that a license to drive is what is meant by subsection (1) of the statute.

The judgment is affirmed.

PEARSON and PETRIE, JJ., concur.