761 So.2d 417 (2000)
John C. CARROLL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-2775.
District Court of Appeal of Florida, Second District.
May 24, 2000.
*418 Paul D. Sullivan, Punta Gorda, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant pleaded nolo to driving under the influence and driving with a suspended license. He challenges the trial court's denial of his motion to dismiss the driving while license suspended charge, arguing that because he never had a driver's license, he could not properly be charged with driving with a suspended license. Our interpretation of the statutes does not support this view. We therefore affirm.
We first address the State's jurisdictional challenge. In appellant's written plea and at the plea hearing, he pleaded nolo, specifically reserving for appeal the issues of "stare decisis" and jurisdiction in reliance on an appellate circuit court decision. The State argues that appellant has not properly preserved this issue for appeal because the trial court did not enter a specific finding that the motion was dispositive. Although it is true that the court did not enter such a finding, we believe that the mere nature of a motion to dismiss makes the trial court's ruling on it dispositive for purposes of appeal. See Griffin v. State, 753 So.2d 676 (Fla. 1st DCA 2000). As a result, this court has jurisdiction to review the substance of the appeal.
Turning to the merits, appellant argues that he could not properly be convicted of driving with a suspended or revoked license because he had never been issued a driver's license. (Although there is no evidence in the record showing that appellant was never issued a license, that fact is not disputed.) The State responds that even though appellant did not have a driver's license, he did have a "driving privilege" that had been revoked due to his status as a habitual traffic offender, and the revocation of this driving privilege was the equivalent of revocation of a driver's license for purposes of section 322.264, Florida Statutes (1997). The State maintains that the legislature's interchangeable use of the terms "driving privilege" and "driver's license" in chapter 322 renders the act of driving while one's driving privilege is suspended or revoked, as appellant did here, the statutory equivalent of driving while one's license is suspended or revoked. Our review of the statutes leads us to agree with the State.
Appellant was convicted pursuant to section 322.34(5), Florida Statutes (1997), which states:
Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this *419 state while such license is revoked is guilty of a felony of the third degree.
Section 322.264, Florida Statutes (1997), the "habitual traffic offender" section, provides, in pertinent part:
A "habitual traffic offender" is any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or subsection (2) within a 5-year period:
(1) Three or more convictions of any one or more of the following offenses arising out of separate acts:
* * *
(d) Driving a motor vehicle while his or her license is suspended or revoked.
The Department's authority to revoke an individual's driver's license pursuant to section 322.264 may be found in section 322.27(5), Florida Statutes (1997), which provides:
(5) The department shall revoke the license of any person designated a habitual offender, as set forth in s. 322.264, and such person shall not be eligible to be relicensed for a minimum of 5 years from the date of revocation, except as provided for in s. 322.271.
(emphasis added).
However, in referring specifically to the revocation provided for in the above subsection, section 322.271(1)(b), Florida Statutes (1997), states:
(b) A person whose driving privilege has been revoked under s. 322.27(5) may, upon expiration of 12 months from the date of such revocation, petition the department for restoration of his or her driving privilege. Upon such petition and after investigation of the person's qualification, fitness, and need to drive the department shall hold a hearing pursuant to chapter 120 to determine whether the driving privilege shall be restored on a restricted basis solely for business or employment purposes.
(emphasis added).
Given the above interchangeable use of the terms in the statute, we must conclude that the legislature intended the terms "driving privilege" and "driver's license" to mean the same thing and to apply equally to either situation. Consequently, as applied to appellant, we must conclude that his lack of a driver's license did not relieve him from conviction as a habitual traffic offender whose driver's license (driving privilege) had been revoked or suspended. The court properly denied his motion to dismiss.
Affirmed.
BLUE and SALCINES, JJ., Concur.