KLEIN, J.
Appellant was charged with practicing psychology without a license. After his motion to dismiss the information was denied he entered a plea, reserving the right to appeal the denial of his motion, which was a dispositive order. Carroll v. State, 761 So.2d 417 (Fla. 2d DCA 2000).
An undercover officer for the attorney general’s office went to appellant’s home, pretending he was a patient in need of counseling, and received counseling for which he paid on several occasions. The state then charged appellant with practicing psychology without a license, and appellant moved to dismiss arguing that he was exempt under section 490.014(2), Florida Statutes (1999), which provides:
No person shall be required to be licensed or provisionally licensed under this chapter who:
[[Image here]]
(f) Is a rabbi, priest, minister, or member of the clergy of any religious denomination or sect when engaging in activities which are within the scope of the performance of his or her regular or specialized ministerial duties and for which no separate charge is made, or when such activities are performed, with or without charge, for or under the auspices or sponsorship, individually or in conjunction with others, of an established and legally cognizable church, denomination, or sect, and when the person rendering service remains accountable to the established authority thereof.
In support of his motion to dismiss appellant presented affidavits showing that he is an ordained minister with experience in counseling, working with an established church, and is under the supervision of another ordained minister, who knew that appellant was counseling patients. Appellant also furnished an affidavit from his supervising minister, to which documents were attached showing that the church has been recognized by IRS and Florida as a religious institution and that both appellant and his supervisor are ordained ministers.
The state concedes that appellant is a member of the clergy, but argues that he is guilty of practicing psychology without a *1065 license, because he did not disclose to his patients that, as a member of the clergy, he was exempt from the licensing requirements.
The state’s position is utterly without merit because the statute does not require appellant to inform a patient of his status. The trial court erred in not dismissing the information. Reversed.
SHAHOOD, J., and DELL, JOHN W., Senior Judge, concur.