966 A.2d 919

STATE of Maryland

v.

Christopher Carl SULLIVAN.

No. 64, Sept. Term, 2008.

Court of Appeals of Maryland.

March 9, 2009.

Gary E. O'Connor, Asst. Atty. General (Douglas F. Gansler, Atty. General, Baltimore), on brief, for Petitioner.

Steven D. Kupferberg, Rockville, for Respondent.

Argued Before BELL, C.J., HARRELL, GREENE, MURPHY, JOHN C. ELDRIDGE (Retired, Specially Assigned) and ALAN M. WILNER (Retired, Specially Assigned), JJ.

GREENE, Judge.

This case requires us to determine whether the Court of Special Appeals erred in concluding that one does not have a privilege to drive if one has never been issued a driver's license and does not qualify to drive pursuant to any statutory exemption from the license requirement. We shall hold that the Court of Special Appeals did not err in declaring that Christopher Carl Sullivan did not have a general privilege to drive a motor vehicle in Maryland.

## I.

The facts of this case are not in dispute. Sullivan was driving on a highway in Montgomery County on the evening of August 31, 2006. Along the way, Sullivan was stopped by Montgomery County Police Officer, Darrell Furdock. Officer Furdock approached the vehicle that Sullivan was driving and requested that Sullivan produce his driver's license and registration. Sullivan responded that he had no license or registration and thus, could not produce the items. After a series of impertinent exchanges and events, Officer Furdock issued Sullivan multiple citations and had the car that he was driving towed. One of the citations that Sullivan received was for driving while his license or privilege to drive was revoked in violation of Md.Code (1977, 2006 Repl.Vol.), § 16–303(d) of the Transportation Article.[1]

Sullivan is not licensed to drive in Maryland and there is no evidence that Sullivan has ever been licensed to drive here or in any other state. Moreover, there is no evidence that

---

1. Md.Code (1977, 2006 Repl.Vol.), § 16–303 of the Transportation Article provides: (d) *Revoked licenses.*—A person may not drive a motor vehicle on any highway or on any property specified in § 21–101.1 of this article while the person's license or privilege to drive is revoked in this State.

Sullivan is authorized to drive pursuant to a statutory exemption from the license requirement, as set forth in Md.Code (1977, 2006 Repl.Vol.), § 16–102 of the Transportation Article.[2] Although Sullivan does not have a Maryland driver's license,

---

2. Md.Code (1977, 2006 Repl.Vol.), § 16–102. Persons exempt from the licensing requirements; penalty for violation, provides:

(a) *In general.*—The licensing requirements of this title do not apply to:

(1) An officer or employee of the United States while driving on official business a motor vehicle other than a commercial motor vehicle owned or operated by the United States;

(2) Except for members elected from this State, a member of the United States Congress who resides in this State during his term of office in the Congress;

(3) An individual while driving any road machine, farm tractor, or farm equipment temporarily driven on a highway in this State, or dock equipment at Dundalk or Locust Point marine terminals which does not require registration under the provisions of this article;

(4) An individual who, while driving a mobile crane on a highway to or from a construction site in this State, has with him a valid Class A, B, or C license issued to him under § 16–104.1 of this subtitle or a Class A or B commercial driver's license issued to him under this title;

(5) A nonresident student enrolled in an accredited school, college, or university of this State or of a bordering state or serving a medical internship in this State . . .

(6) A new resident of this State during the first 60 days of residency . . .

(7) A member of the armed forces of the United States or of the United States Public Health Service who is serving on active duty and any dependent of the member . . .

(8) For not more than 30 days after he returns to the United States, a member of the armed forces of the United States who is returning from active duty outside the United States and any dependent of the member who is returning from residence with the member outside the United States . . .

(9) A nonresident of this State if:

(i) He has with him a license to drive issued to him by the state of his residence;

(ii) His license authorizes him to drive in that state vehicles of the class he is driving in this State; and

(iii) He is at least the same age as that required of a resident for the vehicle he is driving in this State;

(10) A nonresident of the United States if:

(i) The individual has a valid license to drive issued to the individual by the country of residence;

(ii) The individual's license authorizes him to drive in that country vehicles of the class he is driving in this State;

he has received several traffic citations. Additionally, the Maryland Motor Vehicle Administration ("MVA") has a record for Sullivan which associates Sullivan with an "OLN" number.[3] Under this "OLN" number, Sullivan's "license status" is "revoked & suspended."

At his trial, Sullivan argued that he was wrongfully charged under § 16–303 of the Transportation Article. He contended that he could not be charged with driving while his license or privilege to drive was revoked, because he never had a license or privilege to drive. Sullivan maintained that rather than being charged for driving with a revoked license or privilege pursuant to § 16–303, he should have been charged with driving without a license in violation of Md.Code (1977, 2006 Repl.Vol.), § 16–101 of the Transportation Article.[4]

---

(iii) The individual is at least the same age as that required of a resident for the vehicle he is driving in this State; and

(iv) Except as provided for in Subtitle 8 of this title, the vehicle is not a commercial motor vehicle;

(11) A member of the Maryland National Guard or a National Guard military technician ...

(12) A member or employee of a fire department, rescue squad, emergency medical services unit, or volunteer fire company while driving an emergency vehicle if the driver....

3. The parties also do not define "OLN" in their briefs. According to MVA personnel, "OLN" stands for an "out of state license number." The State acknowledges, however, that "at trial, it did not offer evidence ... [to] prove that Sullivan had previously acquired [any] license." Moreover, during the proceedings below, the Circuit Court noted there was no evidence that indicated that Sullivan had a license and commented: "I don't think [Sullivan] has a license so I'm not sure that there is a license that can be revoked." Accordingly, the Circuit Court found Sullivan guilty of driving on a revoked privilege. The court explicitly refused to make a finding regarding whether Sullivan was also guilty of driving with a revoked license. Thus, although it appears that Sullivan had an "out of state license number," in light of the record below, this Opinion proceeds under the assumption that Sullivan was not licensed to drive in any jurisdiction.

4. In essence, Md.Code (1977, 2006 Repl.Vol.), § 16–101(a) of the Transportation Article provides that one may not drive or attempt to drive a motor vehicle on any highway in this State without a driver's license or an express exemption from the licensing requirements of Title 16. Md.Code (1977, 2006 Repl.Vol.), § 16–102(c) of the Transportation

The Circuit Court for Montgomery County rejected Sullivan's arguments, concluding that Sullivan was guilty of driving while his privilege to drive in Maryland was revoked. The court reasoned that a privilege is different from a license in that it is "presumptive." The court stated:

> [T]he right to drive, it's a privilege, it's a privilege to drive, it's not a card you carry in your pocket. . . . I think, in a lot of these statutes and lot of the cases they distinguish between the privilege to drive and the license to drive . . . and it seems to me that . . . the privilege is a sort of automatic thing, as opposed to a license which you have to apply for until such a time that, [the] privilege gets taken away.

Thereafter, the court sentenced Sullivan to one year imprisonment for driving while revoked with all but 30 days suspended and placed him on two years probation. Sullivan noted a timely appeal to the Court of Special Appeals.

The Court of Special Appeals reversed the judgment of the Circuit Court and vacated Sullivan's conviction. *Sullivan v. State*, 180 Md.App. 35, 948 A.2d 121 (2008). Noting that "neither the Transportation Article, nor Maryland case law defines 'privilege to drive' " or provides an explanation of how "privilege to drive" differs from a "license," the intermediate appellate court interpreted "privilege to drive" to refer to an exemption from the driver's license requirement as provided in § 16–102 of the Transportation Article. *Sullivan*, 180 Md.App. at 47, 948 A.2d at 128. The court reasoned:

---

Article provides that any individual who drives without a Maryland driver's license, or an exemption to the license requirement, is guilty of a misdemeanor. Pursuant to Md.Code (1977, 2006 Repl.Vol.), § 16–402(a)(14) of the Transportation Article, a misdemeanor conviction for "driving while not licensed" results in an assessment of five points and a fine of up to $500. *See also* Md.Code (1977, 2006 Repl.Vol.), § 27–101(b) of the Transportation Article ("Except as otherwise provided in this section, any person convicted of a misdemeanor for the violation of any provisions of the Maryland Vehicle Law is subject to a fine of not more than $500.").

[N]either section 16–303, nor any other section of the Transportation Article, defines "privilege to drive." Section 16–101 states, in pertinent part:

(a) An individual may not drive or attempt to drive a motor vehicle on any highway in this State unless:

(1) The individual holds a driver's license issued under this title;

(2) The individual is **expressly exempt** from the licensing requirement of this title; or

(3) The individual otherwise is specifically authorized by this title to drive vehicles of the class the individual is driving or attempting to drive.

Although section 16–102 does not explicitly define "privilege to drive," it does explicitly exclude certain drivers from the section 16–101 requirement that a license be obtained. In that sense, it implicitly defines who has the "privilege to drive" on Maryland roads without obtaining a license from the State. The exclusions include, for example, nonresidents licensed in other states, members of the military or Congress, licensed foreign nationals, and emergency personnel. None of these exclusions apply to Sullivan.

We conclude, based on our examination of Title 16 (Vehicle Laws–Drivers' License) of the Transportation Article, especially the section 16–101(a) prohibition against driving without a license or express exemption, that an un-licensed individual does not have a "privilege" to drive in Maryland unless the individual falls within the exemptions set forth in section 16–102. Because Sullivan does not qualify for any of these statutory exemptions, he did not have a "privilege to drive" that the MVA could "revoke" as section 16–303(d) contemplates.

*Sullivan,* 180 Md.App. at 47–48, 948 A.2d at 128–129.

We granted the State's petition for certiorari, to answer the following question:

Where Sullivan's Motor Vehicle Administration records showed that he had been "revoked" and "suspended" and he had accumulated 15 points, did the Court of Special Appeals

err in holding that Sullivan could not be convicted of driving after revocation of his driving privilege under section 16–303(d) of the Transportation Article?

*State v. Sullivan,* 405 Md. 506, 954 A.2d 467 (2008).

## II.

To resolve the issue presented in this case, we must determine the meaning of the term "privilege to drive" as it appears in § 16–303 of the Transportation Article. Sullivan argues that the Court of Special Appeals correctly interpreted the term "privilege to drive." Sullivan also renews his argument that one cannot be charged or convicted of driving while one's privilege to drive is revoked when such person never enjoyed the privilege to drive.

The State maintains that the Court of Special Appeals' interpretation of the term "privilege to drive" is erroneous. Although it concedes that the Transportation Article does not explicitly define the term "privilege to drive," it contends that the term is meant to be understood within the "confines of the definition of the term license." The State directs our attention to Md.Code (1977, 2006 Repl.Vol.), Title 11 of the Transportation Article, which provides "Definitions and General Provisions" relating to Maryland's Vehicle Laws. Section 11–128(2)(iv) of this Title defines a "license" to include "the privilege of any individual to drive a motor vehicle, whether or not that individual is formally licensed in this or any other jurisdiction." The State posits that this definition of the term "license" establishes that it includes both a driver's license as well as the general privilege that individuals have to drive within this State.

The State argues that legislative history supports its contention. It points out that when the definition of "drivers license" was added to the Transportation Article in 1977, the Revisor's Note that accompanied the term stated:

This Section is new language patterned after the like definition appearing in the Uniform Vehicle Code. It is added to clarify the references in the Maryland Vehicle Law to a

"driver's license"—i.e., a license issued by the Administration under Title 16 of this article—as compared to the broader references to any other "license" to drive a motor vehicle, which—as defined in section 11–128 of this subtitle—includes a "nonresident's privilege to drive," as well as the general "privilege" of individuals to drive motor vehicles.

Md.Code (1977), § 11–116 of the Transportation Article. The State asserts that this Revisor's Note reveals that there is a general privilege to drive in Maryland and that this privilege is not contingent upon a driver's license or a statutory exemption from the driver's license requirement. Accordingly, the State maintains that the Circuit Court correctly concluded that a person who "never obtained a license, yet received suspensions and revocations from the MVA, may be convicted of driving after revocation" of his or her privilege to drive.

We disagree with the State and hold that one is not automatically and presumptively privileged to drive in Maryland. To adopt the State's contention would require us to conclude that the "privilege to drive" equates to a "right" to drive. Such a conclusion does not comport with the overall meaning and purpose of Title 16 or to existing case law. *See Department of Health v. Kelly,* 397 Md. 399, 420, 918 A.2d 470, 482 (2007) (explaining that when interpreting an ambiguous statute, the Court examines how the ordinary meaning of the language at issue relates to the "overall meaning, setting, and purpose of the act . . . .") (quoting *Oakland v. Mountain Lake Park,* 392 Md. 301, 316, 896 A.2d 1036, 1045 (2006)). Although there is a well established and fundamental right to interstate travel, *Saenz v. Roe,* 526 U.S. 489, 498–99, 119 S.Ct. 1518, 1524, 143 L.Ed.2d 689 (1999), there is no corresponding right to operate a motor vehicle. *See Tederick v. State,* 125 Md. App. 37, 41, 723 A.2d 917 (1999) ("[T]here is no right to drive an automobile on the roads and highways of the State of Maryland."); *accord* Scoll, Jeffrey, Comment, *Should California Prohibit Juvenile Driving: The Constitutional and Practical Considerations,* 26 J. Juv. L. 49, 50 (2006) ("The courts have unanimously agreed that an individual does not have a

fundamental right to operate a motor vehicle."). Maryland entitles or "privileges" a person to operate a motor vehicle in this State when such person complies with requisite statutory and administrative regulations. *See Johnson v. State*, 95 Md.App. 561, 572, 622 A.2d 199, 205 (1993) ("Driving on the roads of this State is also not a right, but a privilege.").

Accordingly, one is "privileged to drive" in Maryland if he or she is authorized to do so by law. *See Benbow v. State*, 322 Md. 394, 402–03, 587 A.2d 1110, 1115 (1991) (indicating that the "privilege to drive" is not automatic, but rather "dependent" on some form of legal entitlement, such as a valid out of state driver's license); *see also* Md.Code (1977, 2006 Repl. Vol.), § 16–703 V(2) of the Transportation Article (indicating that the privilege of driving a motor vehicle on the public highways is something that must be granted). As the Court of Special Appeals noted, § 16–101 of the Transportation Article expressly provides how one may become privileged to drive in Maryland. *Sullivan*, 180 Md.App. at 47–48, 948 A.2d at 129. This provision states:

**16.101. Drivers must be licensed.**

(a) *In general.*—An individual may not drive or attempt to drive a motor vehicle on any highway in this State unless:

(1) The individual hold's a driver's license issued under this title;

(2) The individual is expressly exempt from the licensing requirements of this title;

(3) The individual is otherwise specifically authorized by this title to drive vehicles of the class that the individual is driving or attempting to drive.

§ 16.101 of the Transportation Article. Thus, under the plain language of section 16–101, a person may drive in Maryland, and is indeed "privileged to drive" in this State, if he or she holds a valid Maryland driver's license, is exempt from the driver's license requirement, or is otherwise authorized by law to drive in this State. The statute establishes unambiguously that a person may not even *attempt* to drive otherwise. *Id.*

Legislative history cited by the State does not support the conclusion that the term "privilege to drive" is a general privilege that exists beyond the purview of § 16–101. The State relies primarily on an isolated Revisor's Note that accompanied the definition of the term "driver's license" added in 1977. As recited above, this Note indicates that:

> a "driver's license"—i.e., a license issued by the Administration under Title 16 of this article—[is to be distinguished from] . . . the broader references to any other "license" to drive a motor vehicle, which -as defined in section 11–128 of this subtitle—includes a "nonresident's privilege to drive," as well as the general "privilege" of individuals to drive motor vehicles.

Md.Code Ann., (1977), § 11–116 of the Transportation Article. This reference does not persuade us that there is an automatic privilege to drive a motor vehicle in Maryland that is not granted by legislative enactment. If we accept the State's contention that this Note reveals that the term "license (to drive)" encompasses a general and automatic privilege to drive, then, as the Court of Special Appeals correctly observed, the term "privilege to drive" becomes "surplusage" within the text of § 16–303(d) of the Transportation Article.[5] Consistent with the canons of statutory construction, we strive not to construe statutes so as to render any "word, clause, sentence or phrase" as "surplusage, superfluous, meaningless or nugatory." *State Central Collection v. Jordan,* 405 Md. 420, 425, 952 A.2d 266, 269–70 (2008) (quoting *Barbre v. Pope,* 402 Md. 157, 172, 935 A.2d 699, 708 (2007)).

We thus hold that it is more reasonable, and consistent with the statutory scheme of Title 16, to interpret the phrase "privilege to drive" as found in § 16–303(d) to apply to a person who is authorized to drive in this State pursuant to a valid Maryland driver's license or an exemption from the

---

5. This Court has previously noted the ambiguous nature of the term "license" as defined in the Transportation Article. *See Gwin v. MVA,* 385 Md. 440, 454, 869 A.2d 822, 830–31 (2005) (discussing the meaning of "license" found in Md.Code (1977, 2002 Repl.Vol.), § 16.103.1 of the Transportation Article).

Maryland driver's license requirement, as set forth in § 16–102 of the Transportation Article. Accordingly, Sullivan's conviction for driving while his license or privilege to drive was revoked was improper because Sullivan was not privileged to drive in Maryland.[6]

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.**

---

**6.** The Court is aware that some individuals unlawfully and repeatedly may drive motor vehicles in this State, regardless of the fact that they have no "privilege to drive" as defined in this Opinion. The Court is further aware that such individuals may accrue traffic violations. We recognize that the State of Maryland has an interest in keeping persons with numerous driving violations, whether privileged to drive or not, off of the roads of this State. While we acknowledge that it seems incongruent and perhaps unfair, to punish a person who *is* "privileged to drive" more severely than a person who is not, we believe that resolving such incongruency is a task for the General Assembly and not the courts.