REPORTED
IN THE COURT OF SPECIAL APPEALS
No. 1187
September Term, 2013

ROBERT WHITE

v.

STATE OF MARYLAND

Woodward,
Wright,
Raker, Irma S.
     (Retired, specially assigned),

JJ.

Opinion by Raker, J.

Filed: June 27, 2014

Robert White, appellant, was convicted in the Circuit Court for Wicomico County of driving on a suspended license. Before this Court he presents the following question for our review, which we have rephrased:

> Was the evidence sufficient to convict appellant of driving on a suspended license when the license had expired?

We shall hold that the evidence was sufficient to support the judgment of conviction beyond a reasonable doubt and hence, we shall affirm.

## I.

Appellant was charged by criminal information in the District Court of Maryland, sitting in Wicomico County, with failure to display a license to a uniformed officer, driving without a license, driving on a suspended license, and driving on a revoked license. After appellant prayed a jury trial, the case was transferred to the Circuit Court for Wicomico County for trial. Appellant waived his right to a jury trial, and was tried by the court on an agreed statement of facts. The court convicted appellant of driving on a suspended license and acquitted him of the remaining charges.[1] The court sentenced him to a term of incarceration of two years, all but one month suspended, followed by one year supervised probation.

At trial, the following agreed statement of facts was read into the record:

---

[1]The State *nolle prossed* the charge of failure to display a license to a uniformed officer.

"Had the State proceeded to trial, the State would have called Trooper William Ewell of the Maryland State Police who would have testified that on October 23, 2012, at 1:10 p.m. hours in the area of Connelly Mill Road and Jersey Road, Delmar, Wicomico County, Maryland, he was on road patrol and he observed a car bearing Maryland registration 9AB5631 commit a traffic violation, at which time Trooper Ewell conducted a traffic stop. Upon making contact with the driver, the driver identified himself as Robert White. Trooper Ewell confirmed this through his Maryland vehicle photo. The Defendant informed Trooper Ewell that he knew that he was suspended and revoked and should not be driving.

Trooper Ewell, during the course of his investigation acquired, and law-enforcement officers acquired the Defendant's certified driving record and a certified copy of the Defendant's original driver's license application. And the Defendant was issued a Maryland driver's license on February 18, 1986. It expired on March 24, 1990.

Further, the Defendant has incurred multiple driving without a license, driving while suspended and driving while revoked.

The trooper would identify the Defendant as the individual seated to the right of defense counsel, the individual in the green shorts, as Robert White.

The State would offer into evidence State's Exhibit No. 1 and State's Exhibit No. 2, the driving record and the original driving application. And all events did occur in Wicomico County."

Appellant added that his license was suspended starting from before 1990, it expired in 1990, but was revoked in 1991.[2]

_____

[2]Our review of appellant's driving record reveals that when his license expired, it was revoked, but not suspended. At trial, however, appellant stated that his license was suspended and not revoked when it expired. The State concurred. The trial court ruled based
(continued...)

Appellant argued that because his license had expired, he could no longer be convicted of driving on a revoked or suspended license. The State argued that since appellant once had the privilege to drive, which was now suspended and revoked, he could be convicted of the charges.

The court ruled as follows:

> "This is reaching the metaphysical almost to resolve this particular issue about whether you can be suspended if you've previously been revoked or if you haven't had a license for 22 years. I'm frankly confused by this, [prosecutor], but I'm going to let the Court of Appeals worry about it. I assume somebody is going to appeal this if he or she is not happy.
>
> He is guilty under count three of driving while suspended. He is not guilty of driving while revoked, that's count four. And because his license was suspended at the time of the offense, I don't believe I can find him guilty of driving without a license, so I find him not guilty under count two."

As indicated above, the court sentenced appellant, and this timely appeal followed.

II.

Before this Court, appellant argues that the evidence was insufficient to support the conviction of driving on a suspended license. He relies upon *Sullivan v. State*, 407 Md. 493, 502-03, 966 A.2d 919, 924 (2009), where the Court held that one who never had a license

_____

(...continued)
on the facts presented to it. At argument, appellant acknowledged the mistake but conceded that he is bound by the facts presented to the trial court.

3

cannot be convicted of driving on a revoked license because one who has no license has no privilege to drive. Appellant maintains that because his license expired, it is as if he never had a license. This is so because to renew his license, he would be required to go through the same procedure and examination as one who had never been licensed. For these reasons, appellant asserts that the suspension on his record has become a legal nullity.

The State counters that the expiration of a license does not negate its suspended status. The State interprets *Sullivan* as holding only that a driver who was never licensed cannot be convicted of driving on a revoked license. If a valid license is suspended, however, its expiration does not remove or invalidate the suspension. Such a result would be an illogical interpretation of the statutory framework, and inconsistent with legislative intent. It would mean that one whose license was suspended for failure to pay child support or a fine—suspensions which are indefinite—could simply let the license expire, and the suspension would disappear.

III.

This appeal concerns the sufficiency of evidence at a bench trial. Rule 8-131(c) provides that "[w]hen an action has been tried without a jury, the appellate court will review the case on both the law and the evidence." We review sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

4

reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Suddith*, 379 Md. 425, 429, 842 A.2d 716, 718 (2004).

Maryland Code (1977, 2012 Repl. Vol.) § 16-303(c) of the Transportation Article[3] states in relevant part, "A person may not drive a motor vehicle on any highway . . . while the person's license or privilege to drive is suspended in this State." In interpreting a statute, we aim to ascertain and effectuate the legislature's intent. *State v. Weems*, 429 Md. 329, 337, 55 A.3d 921, 926 (2012). We begin with the plain meaning of the statute. If the statute is unambiguous, our inquiry ends without resort to other rules of statutory construction. *Id.* We do not view the statute in a vacuum, but in the context of the statutory scheme to which it belongs. *Id.* We will construe a statute to avoid an illogical or unreasonable result, or a result which is inconsistent with common sense. *Chesapeake Charter, Inc. v. Anne Arundel County Bd. of Educ.*, 358 Md. 129, 135, 747 A.2d 625, 628 (2000).

In *Sullivan*, Sullivan's license was revoked and suspended by the Motor Vehicle Administration ("MVA"), even though he never had a driver's license. He was convicted of driving on a revoked license, among other charges. We reversed, and the Court of Appeals affirmed. The Court held that one who does not hold a valid driver's license has no "privilege to drive," a necessary condition of the statutes criminalizing driving while suspended and revoked. *Sullivan*, 407 Md. at 502-03, 966 A.2d at 924. Because Sullivan

---

[3]All subsequent references to Maryland Code (1977, 2012 Repl. Vol.) herein shall be to the Transportation Article.

5

*never* had a license, the Court held that he had no privilege to drive, and hence, no license for the MVA to revoke. *Id.*

In the case *sub judice*, appellant asserts that because his license expired, he holds no valid license and has no privilege to drive. As such, he cannot be convicted of driving on a suspended license. We disagree.

Appellant admits that he held a valid driver's license at the time it was suspended. Unlike in *Sullivan*, the MVA did not suspend or revoke a non-existent privilege. *Sullivan* does not control the question of first impression presented here: whether the suspension of a valid driver's license survives the expiration of the license. Appellant's suggested interpretation of the relevant statute, which limits the duration of a suspension to the duration of the license, is at odds with the intent of several other statutory provisions. Several of appellant's suspensions are because of his failure to pay fines and child support. Section 16-203 requires the MVA to suspend a license if the license holder fails to make required child support payments. This provision is an important part of Maryland's child support enforcement. *See Maryland Classified Employees Ass'n, Inc. v. State*, 346 Md. 1, 16-17, 694 A.2d 937, 944 (1997); *see also* Extent of Authority to Suspend Driver's License for Failure to Pay Child Support, 91 Md. Op. Att'y Gen. 81, 83 (2006) ("Administrative driver license suspension programs, such as Maryland's, have proven to be especially effective in improving child support collections."). If the expiration of the license lifted the suspension automatically, it would be inconsistent with § 16-203(e), which mandates suspension of the

6

license until child support *is paid in full or when the obligor has demonstrated good faith by paying for six months.* Similarly, a suspension because of failure to pay a fine lasts until the fine is paid. § 27-103(a)(2). Allowing the expiration of the license to cancel such a suspension would undermine the Legislature's insistence that one's driving privileges remain suspended until the payment of the fine.

The penalty for driving on an expired license is significantly less severe than that for driving on a suspended license.[4] If we were to hold that expiration limits suspensions, it would provide an incentive to drivers to allow their licenses to expire. Perhaps even more significant, if suspensions were limited to the duration of the license, nothing would prevent a driver delinquent on fines or child support from renewing an expired license free of any suspension. The State would lose an effective tool that requires delinquent drivers to pay fines and child support.

All of our sister states to consider this issue have held that a valid suspension survives the expiration of the driver's license. The Montana Supreme Court held as follows:

> "[A]bsent a license or privilege to drive without a license, the State cannot convict a person for driving on a suspended or revoked license. However, under the unequivocal language of § 61–2–107(1), MCA, a valid driver's license that has been

---

[4] Driving on an expired license is a misdemeanor with a maximum fine of $500. *See* Maryland Code (1977, 2012 Repl. Vol.) § 16-115(g) of the Transportation Article (prohibiting driving on an expired license); § 27-101(a) (stating that it is a misdemeanor to violate any of the provisions of the Maryland Vehicle Law); § 27-101(b) (providing a $500 fine for misdemeanors). Driving on a suspended license carries a term of incarceration of up to one or two years, as well as a fine. *See* § 27-101(h).

7

suspended or revoked 'must remain suspended or revoked' until the driver pays the required fees, fines and penalties. This statute serves to allow the State to charge a driver with 'driving while suspended or revoked' even after the license would have expired."

*State v. Bessette*, 195 P.3d 311, 314 (Mont. 2008). Similarly, the Colorado Supreme Court reasoned as follows:

"All licenses to operate motor vehicles in the State of Colorado terminate upon a certain date, requiring a new application and the granting of a new license to operate a motor vehicle. Until the privilege of operating a motor vehicle has been restored by a new application and license, a privilege previously revoked remains revoked."

*People v. Lopez*, 354 P.2d 491, 492 (Colo. 1960). The Court of Appeals of Alaska stated the following:

"If a license or privilege exists, it is subject to revocation, and it can be revoked, in the discretion of the court, for any period permitted by law. Once the license is validly revoked, the revocation remains in effect for the full period ordered, regardless of whether the originally valid license might otherwise have expired at some point during the period of revocation."

*Fielding v. State*, 733 P.2d 271, 273 (Alaska Ct. App. 1987). Finally, the Texas Court of Criminal Appeals held that one can be convicted of driving on a suspended license when, "[T]he accused's privilege to drive was suspended at or before the time his license expired by its own terms, and that because of an unbroken chain of successive suspensions, that privilege remained suspended from the expiration date to the time of the alleged offense." *Allen v. State*, 681 S.W.2d 38, 40 (Tex. Crim. App. 1984).

8

Our holding today is in accord with our sister states. As in Colorado, all licenses to operate motor vehicles in Maryland terminate upon a certain date, requiring a new application and the granting of a new license to operate a motor vehicle. When one's Maryland license to drive is revoked or suspended, the privilege remains revoked or suspended until an application for a new license is filed and the license has been granted. The MVA will not grant a new license when a suspension or revocation remains on the applicant's driving record. *See* § 16-103.1(1) (providing that the MVA may not issue a license to an individual, "During any period for which the individual's license to drive is revoked, suspended, refused, or canceled in this or any other state[.]").

Appellant does not suggest that the suspension was lifted—either through rectifying his delinquency or by the passage of time—only that his license had expired.[5] We hold that the expiration of appellant's license did not invalidate the suspension. In other words, appellant's privilege to drive remained suspended despite the expiration of his license.

> **JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

[5]Appellant's driving record indicates that his numerous license suspensions were largely for failure to pay fines and failure to pay child support. *See* Maryland Code (1977, 2012 Repl. Vol.) § 16-203(e) of the Transportation Article (allowing the Motor Vehicle Administration to lift the suspension only when child support payments are made in full or when the obligor has demonstrated good faith by paying for six months) and § 27-103(a)(2) (a suspension due to failure to pay a fine lasts until the license holder pays the fine).