# Third District Court of Appeal

## State of Florida

Opinion filed June 1, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-628
Lower Tribunal No. 14-9105
_____

**The State of Florida,**
Appellant,

vs.

**Daryl Miller,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellee.

Before WELLS, SALTER and SCALES, JJ.

WELLS, Judge.

Daryl Miller was charged with violating section 322.34(5) of the Florida Statutes titled "[d]riving while license suspended, revoked, canceled, or disqualified." See § 322.34(5), Fla. Stat. (2014).[1] The trial court treated Miller's sworn motion to dismiss as a motion for reduction of charges to the lesser included offense of driving without a valid driver's license. See § 322.03(1), Fla. Stat. (2014) (providing "[e]xcept as otherwise authorized in this chapter, a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver license"); § 322.39(1), Fla. Stat. (2014) (providing "[i]t is a

---

[1] Section 322.34(5), provides:

> (5) Any person whose driver license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Section 322.264, as pertinent here, defines a habitual traffic offender as follows:

> A "habitual traffic offender" is any person whose record . . . shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or subsection (2) within a 5-year period:
>
> (1) Three or more convictions of any one or more of the following offenses arising out of separate acts:
>
>     . . . .
>
> (d) Driving a motor vehicle while his or her license is suspended or revoked . . . .

§ 322.264(1)(d), Fla. Stat. (2014).

misdemeanor for any person to violate any of the provisions of this chapter, unless such violation is declared to be otherwise by this chapter or other law of this state"); see also Crain v. State, 79 So. 3d 118, 122 (Fla. 1st DCA 2012) (reversing a conviction under section 322.34(5) and remanding with instructions to "adjudicate [the defendant] guilty of the lesser included offense of driving without a valid driver's license"). Concluding as a matter of law that having, at some time, a Florida driver's license is an element of a section 322.34(5) offense—the offense charged here—and considering that it was undisputed that Miller never had a Florida's driver's license, the court below granted Miller's motion and adjudicated him guilty of the lesser offense. For the following reasons, we affirm that ruling.

In doing so, we align ourselves with the First District Court of Appeal in Crain where that court concluded that in accordance with our obligation to strictly construe penal statutes, a defendant may not be convicted as a habitual traffic offender under section 322.34(5) for driving with a suspended license when no license had ever been issued to that defendant:

> "One of the most fundamental principles of Florida law is that penal statutes must be strictly construed according to their letter." Perkins v. State, 576 So. 2d 1310, 1312 (Fla. 1991). "Revocation" is "the termination of a *licensee's* privilege to drive." § 322.01(36), Fla. Stat. (2009) (emphasis supplied). The Second District in Carroll v. State, 761 So. 2d 417, 418 (Fla. 2d DCA 2000), adopted the state's argument that "even though appellant did not have a driver's license, he did have a 'driving privilege' that had been revoked due to his status as a habitual traffic offender, and the revocation of this driving privilege was the equivalent of revocation of a driver's license for

purposes of section 322.264, Florida Statutes (1997)." But this reads language into the statute that the Legislature did not enact.

.…

It "'is a firmly established rule that "Courts must apply a statute as they find it, leaving to the legislature the correction of assorted inconsistencies and inequalities in its operation."'" Guilder v. State, 899 So. 2d 412, 419 (Fla. 4th DCA 2005) (quoting State v. Aiuppa, 298 So. 2d 391, 404 (Fla. 1974)).

Crain, 79 So. 3d at 121-22. [2]

---

[2] A number of other state courts have come to similar conclusions as do we herein. See, e.g., State v. Sullivan, 966 A. 2d 919, 924 (Md. 2009) ("Sullivan's conviction for driving while his license or privilege to drive was revoked was improper because Sullivan was not privileged to drive [by being issued a driver's license, by being expressly exempted from the state's licensing requirement, or by being otherwise authorized to drive the vehicle being driven] in Maryland."); City of Billings v. Gonzales, 128 P. 3d 1014, 1017 (Mont. 2006) ("A reasonable and sensible interpretation of the relevant statutory scheme leads us to conclude that a person who does not have a privilege to drive, either through a driver's license or statutory licensure exemption, cannot be charged with driving while their privilege has been suspended or revoked under § 61–5–212, MCA."); State v. Bowie, 999 P. 2d 947, 952 (Kan. 2000) ("A reasonable and sensible interpretation of the Kansas statutory scheme leads us to the conclusion that a person who never had a driver's license cannot be charged with driving while suspended pursuant to 8–262 but can be charged with driving without a license in violation of 8–235(a)."); Francis v. Municipality of Anchorage, 641 P. 2d 226, 228 (Alaska Ct. App. 1982) ("The crime with which Francis was charged is driving while his license/privilege to drive was suspended. A necessary element of this offense is that the license/privilege have been suspended. Since Francis never had any license or privilege to drive, there was nothing to suspend. He, therefore, could not be convicted as charged."); City of Aberdeen v. Cole, 537 P. 2d 1073, 1074 (Wash. Ct. App. 1975) ("The Department of Motor Vehicles could not suspend that which [defendant] did not have.").

As our sister court pointed out, we need look no further than section 322.34(6) to confirm that the legislature clearly knew how to extend a punishment to those without licenses:

Any person who operates a motor vehicle:

(a) Without having a driver's license as required under s. 322.03; *or*

(b) While his or her driver's license or driving privilege is canceled, suspended, or revoked pursuant to s. 316.655, s. 322.26(8), s. 322.27(2), or s. 322.28(2) or (4), and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being is guilty of a felony of the third degree. . . .

Crain, 79 So. 3d at 121 (quoting § 322.34(6), Fla. Stat. (2009)).

In sum, because Miller never has had a driver's license, he could not be convicted as a "person whose driver license has been revoked" under section 322.34(5). The trial court therefore properly reduced the charges against him to the lesser included offense of driving without a valid driver's license.

Finally, we note that in reaching this conclusion, we necessarily disagree with the Second, Fourth and Fifth District Courts of Appeal on this issue and therefore certify conflict with the decisions of those courts on this issue. See Carroll v. State, 761 So. 2d 417 (Fla. 2d DCA 2000) (holding that a person may be convicted of violating section 322.34(5) without ever having been issued a driver's license); see also Newton v. State, 898 So. 2d 1133, 1134 (Fla. 4th DCA 2005) (affirming a section 322.34(5) conviction, citing Carroll); State v. Bletcher, 763

5

So. 2d 1277, 1278 (Fla. 5th DCA 2000) (citing <u>Carroll</u> to support reversal of an order dismissing a section 322.34(5) charge).

Affirmed; conflict certified.