# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1810
Lower Tribunal No. 15-7612
_____

**Shanetria Pitts,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas, Assistant Attorney General, for appellee.


Before WELLS, SHEPHERD and SCALES, JJ.

WELLS, Judge.

Shanetria Pitts appeals the trial court's decision to adjudicate her guilty of "[d]riving while license suspended, revoked, canceled, or disqualified," § 322.34(5), Fla. Stat. (2014), notwithstanding the fact that it is undisputed that she never had a driver's license. For the reasons set out in State v. Miller, 193 So. 3d 1001 (Fla. 3d DCA 2016), we reverse the judgment of conviction and sentence and remand this case to the lower court with instructions that Pitts' conviction be reduced to driving with no valid driver's license. In Miller, we certified a conflict with the decisions of the Second, Fourth, and Fifth District Courts of Appeal in Carroll v. State, 761 So. 2d 417 (Fla. 2d DCA 2000); Newton v. State, 898 So. 2d 1133 (Fla. 4th DCA 2005); State v. Bletcher, 763 So. 2d 1277 (Fla. 5th DCA 2000), respectively. The Second District has since receded from Carroll in Burgess v. State, No. 2D14-4680, 2016 WL 3607204, at *6 (Fla. 2d DCA July 6, 2016) (en banc) ("Because sections 322.34(5) and 322.271(1)(b) operate harmoniously without denying 'driver's license' its defined meaning, there is no reason to interpret either statute other than in accord with the plain meaning of its text. The plain meaning of section 322.34 is that a person may be prosecuted only when his or her driver's license has been revoked. Because Carroll is at odds with that meaning, we must recede from it."). Because Newton, and Bletcher, have yet to address this issue post Burgess, we remain in conflict with those courts, and

certify that conflict to our Supreme Court, as we did in <u>Miller</u>.  See <u>Miller</u>, 193 So. 3d at 1003.

Reversed; conflict certified.