IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALPHONSO FINNEY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Petitioner,

v.                                              CASE NO. 1D17-0356

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed May 19, 2017.

Petition for Writ of Prohibition -- Original Jurisdiction.

Andy Thomas, Public Defender, Tallahasse, and Samantha Porche, Assistant Public Defender, Quincy, for Petitioner.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

      Alphonso Finney filed a petition for writ of prohibition seeking review of the order denying his motion to dismiss the amended information charging him with violating section 322.34(2)(c), Florida Statutes (2015). Finney contends that he is not subject to prosecution under that statute and that the highest offense he can be charged

with is a misdemeanor over which the circuit court lacks jurisdiction.  We agree and grant the petition.

## Background

Finney was originally charged with violating section 322.34(5),[1] but the trial court granted Finney's motion to dismiss that charge because he has never had a Florida driver's license.  The State thereafter filed an amended information charging Finney under section 322.34(2)(c) for driving while his driving privilege was suspended or revoked.  Finney again moved to dismiss, arguing that he could not be charged under section 322.34(2)(c) because he was a "habitual traffic offender" as defined in section 322.264.[2, 3]  The trial court denied Finney's motion, noting that the

---

[1]  Section 322.34(5) provides that "[a]ny person whose driver license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree . . . ."

[2]  Section 322.264 defines "habitual traffic offender" as a person "whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions" for certain enumerated offenses, including three or more convictions within in five year period for "[d]riving a motor vehicle while his or her license is suspended or revoked."  § 322.264(1)(d), Fla. Stat. (2015).

[3]  The State did not file a traverse or otherwise dispute the assertion that Finney is a habitual traffic offender, and Finney's driving record (which the State attached to the response to the show cause order filed in this court) reflects that he was designated a habitual traffic offender by the Department of Highway Safety and Motor Vehicles in 1997, 2000, and 2014.  Finney is certainly a habitual traffic offender in the colloquial sense.  His driving record lists 11 convictions between 1995 and 2013 for driving while his driving privilege was suspended or revoked (referred to in the driving record as "DRIV WHILE LIC- CANC/REV/SUS/DISQ"); two driving under the influence convictions (one with a .144 blood alcohol level and one with a .164 blood alcohol

2

result advocated by Finney "cannot possibly have been the intent of the legislature and this result goes against public policy and neglects public safety."

Finney sought review of the order denying his motion to dismiss by filing a petition for writ of prohibition in this court. The petition argues that the circuit court lacks jurisdiction because Finney is not subject to prosecution under section 322.34(2)(c) and the highest offense that he can be charged with is driving without a valid license, a misdemeanor. We issued an order to show cause, and in response, the State argued that the "evil" addressed by section 322.34(2)(c) is the "exact indifference and disrespect [Finney] flagrantly continues to participate in" and that to preclude his prosecution under section 322.34(2)(c) "would limit the scope of the statute unreasonably and lead to absurd results."

**Analysis**

Section 322.34(2)(c) provides:

> Any person whose driver license or driving privilege has been canceled, suspended, or revoked as provided by law, <u>except persons defined in s.</u>

---

level); one conviction for possession of an open alcoholic beverage container while operating a motor vehicle; and one conviction for operation of a motor vehicle with no tag or registration. Additionally, Finney's driving privilege was suspended "indefinite[ly]" in 2013 for failing to pay traffic fines. However, it is not entirely clear that Finney actually meets the statutory definition of a habitual traffic offender because his driving record reflects that the designation was based on his convictions for driving while his driving privilege was suspended or revoked, but section 322.264(1)(d) requires convictions for driving while the offender's "license" (not his driving privilege) is suspended or revoked. That said, because the State did not dispute Finney's assertion that he is a habitual traffic offender, he is one for purposes of this case.

3

322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:

(c)  A third or subsequent conviction is guilty of a felony of the third degree . . . .

(emphasis supplied).  Section 322.264 defines "habitual traffic offender."

Based on this clear and unambiguous language, we agree with Finney that section 322.34(2) does not apply to persons who are habitual traffic offenders.  See State v. Harvey, 693 So. 2d 1009, 1010 (Fla. 4th DCA 1997) ("Under the plain meaning of section 322.34(1) [now (2)], persons who have been declared habitual traffic offenders are excluded from its application.  Instead, section 322.34(2) [now (5)] applies to habitual traffic offenders who drive while their license is revoked."); see also Gil v. State, 118 So. 3d 787, 791 (Fla. 2013) (noting that section 322.34(2) "expressly provides that it does not apply to habitual traffic offenders").  Accordingly, Finney, an undisputed habitual traffic offender, cannot be prosecuted under section 322.34(2)(c).

The exemption of habitual traffic offenders from prosecution under section 322.34(2) was likely based on the fact that such offenders are subject to prosecution under section 322.34(5).  However, offenders such as Finney who have never had a driver's license cannot be prosecuted under section 322.34(5).  See Crain v. State, 79 So. 3d 118, 121 (Fla. 1st DCA 2012) (holding that section 322.34(5) "does not outlaw driving by drivers never issued a license to drive" because the statute only applies to

persons whose "license" has been revoked as a habitual traffic offender). Accord Burgess v. State, 198 So. 3d 1151 (Fla. 2d DCA 2016) (review pending in case no. SC16-1751); State v. Miller, 193 So. 3d 1001 (Fla. 3d DCA 2016) (review pending in case no. SC16-1170).

In sum, because Finney is a habitual traffic offender that cannot be prosecuted under section 322.34(2)(c), the trial court erred in denying his motion to dismiss the amended information. That said, because Finney cannot be prosecuted as a habitual traffic offender under section 322.34(5) since he has never been issued a driver's license, we agree with the trial court's observation that the result in this case "goes against public policy and neglects public safety." Indeed, there appears to be a gaping loophole in section 322.34 because as the statute is written, an offender who is a habitual traffic offender but who has never had a driver's license can escape felony punishment and receive a lesser punishment than a habitual traffic offender who had obtained a license. However, as we noted in Crain, "[i]t '"is a firmly established rule that 'Courts must apply a statute as they find it, leaving to the legislature the correction of assorted inconsistencies and inequalities in its operation.'"'" Crain, 79 So. 3d at 122 (quoting Guilder v. State, 899 So. 2d 412, 419 (Fla. 4th DCA 2005)). Only the Legislature has the power to close this loophole, and we urge it to do so.[4]

---

[4] The Legislature might also want to consider whether section 322.264(1)(d) should be amended to expand the definition of "habitual traffic offender" to include persons who have the requisite number of convictions for driving while their driving privilege is

**Conclusion**

In sum, because Finney cannot be prosecuted under section 322.34(2)(c) and the highest crime with which he can be charged is misdemeanor driving without a valid license[5] over which the circuit court lacks jurisdiction, see Sections 26.012(2)(d), 34.01(1)(a), Florida Statutes (2015), we grant the petition for writ of prohibition. In doing so, we note that the State is not precluded from prosecuting Finney in county court for driving without a valid license.

PETITION GRANTED.

WETHERELL, OSTERHAUS, and M.K. THOMAS, JJ., CONCUR.

---

suspended or revoked. See note 3, supra.

[5] See §§ 322.03(1), 322.39, Fla. Stat. (2015); Crain, supra (reversing conviction under section 322.34(5) because defendant never had a driver's license and remanding with instructions to adjudicate defendant guilty of the lesser-included offense of driving without a license, a second-degree misdemeanor).