# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Nos. 1D17-1781
1D17-1782

_____

JOHN EUGENE WILLIAMS, III,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the County Court for Alachua County.
Walter M. Green, Judge.

April 18, 2018

LEWIS, J.

Appellant, John Eugene Williams, III, challenges in these consolidated cases his convictions for violating section 322.34(2)(b), Florida Statutes (2016), which makes it a first-degree misdemeanor for a person, except a habitual traffic offender, to obtain a second conviction for driving a motor vehicle while knowing that his or her driver's license or driving privilege has been canceled, suspended, or revoked. Appellant contends that the trial court erred by denying his motion to dismiss the charges because the only offense with which he can be charged is driving without a valid driver's license given that he is a habitual traffic offender and he has never had a Florida driver's license and does not fall within a statutory exemption to the licensure requirement.

For the foregoing reasons, we agree and, therefore, reverse and remand.

Appellant entered a plea of no contest to two charges of violating section 322.34(2)(b), while expressly reserving his right to appeal the denial of his motion to dismiss the charges. In his motion to dismiss, filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), Appellant argued that he could only be charged with driving without a valid driver's license because he was a habitual traffic offender and he did not have a driver's license or driving privilege. Specifically, Appellant contended that he did not have a driving privilege because he did not have a Florida driver's license and he did not fall within a statutory exemption to the licensing requirement. The State did not dispute Appellant's status as a habitual traffic offender and admitted that he has never had a driver's license. The trial court denied the motion upon finding that a person who has never been issued a driver's license by any government nevertheless has a driving privilege that can be suspended or revoked and that such person can, therefore, be convicted under section 322.34(2). The court reasoned that Appellant's interpretation of the statutorily undefined term "driving privilege" in section 322.34(2) allows persons who have never had a driver's license to escape punishment due to imprecise statutory drafting, elevates an unlicensed driver to a legally superior position over a licensed driver, and contravenes the Legislature's intent to foster public highway safety.

However, recognizing that there was support for Appellant's interpretation in the case law and in chapter 322, the trial court certified the following two questions as being of great public importance:

> 1: Does a person who has never had a driver's license issued to them by any government (state, federal, or foreign), and who is not exempt under section 322.04, have a 'driving privilege' in the State of Florida?

> 2: If the answer to Question One is no, can that person nonetheless be convicted of DWLSR, in violation of either section 322.34(1) or section 322.34(2), if

2

DHSMV[1] has suspended or revoked that person's privilege to obtain a valid driver's license?

We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030 and 9.160, and we rephrase the certified questions as follows: Does a person who has never had a Florida driver's license and who is not exempt from the licensing requirement under section 322.031 or section 322.04, Florida Statutes, have a "driving privilege" such that he or she can be convicted under section 322.34(1) or section 322.34(2), Florida Statutes? We answer the rephrased certified question in the negative.

The purpose of a motion filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is to determine whether the undisputed facts the State will rely on establish a *prima facie* case, as a matter of law, so as to permit a jury to find the defendant guilty of the charged crime. *State v. Depriest*, 180 So. 3d 1099, 1100 (Fla. 1st DCA 2015). A trial court's ruling on a motion to dismiss is reviewed *de novo*. *Id*. Questions of statutory construction are also reviewed *de novo*. *W. Fla. Reg'l Med. Ctr., Inc. v. See*, 79 So. 3d 1, 8 (Fla. 2012).

The polestar of statutory construction is legislative intent. *Id.* at 8. To discern legislative intent, the court must first look to the plain and obvious meaning of the statute's text, which may be discerned from a dictionary. *Id.* at 9. If the statutory language is clear and unambiguous, the court must apply that unequivocal meaning and may not resort to the rules of statutory construction. *Id.* The court must give full effect to all statutory provisions and avoid readings that would render a part of a statute meaningless; additionally, the court may not construe an unambiguous statute in a way that would extend, modify, or limit its express terms or its reasonable and obvious implications. *Bennett v. St. Vincent's Med. Ctr., Inc.*, 71 So. 3d 828, 838 (Fla. 2011). If an ambiguity exists, however, the court should look to the rules of statutory construction to help interpret legislative intent. *See*, 79 So. 3d at 9.

---

[1] Department of Highway Safety and Motor Vehicles.

"Except as otherwise authorized in [chapter 322, titled 'Driver Licenses'], a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver license issued under this chapter." § 322.03(1), Fla. Stat. (2016); *see also* § 322.39(1), Fla. Stat. (2016) ("It is a misdemeanor for any person to violate any of the provisions of this chapter, unless such violation is declared to be otherwise by this chapter or other law of this state."). Sections 322.031 and 322.04 set forth exceptions to the Florida driver's license requirement, which include nonresidents who possess a valid driver's license issued by their home state. §§ 322.031, 322.04, Fla. Stat. (2016).

Section 322.34 provides in part as follows:

(1) Except as provided in subsection (2), any person whose *driver license or driving privilege* has been canceled, suspended, or revoked, *except a "habitual traffic offender"* as defined in s. 322.264, who drives a vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked is guilty of a moving violation, punishable as provided in chapter 318.

(2) Any person whose *driver license or driving privilege* has been canceled, suspended, or revoked as provided by law, *except persons defined in s. 322.264*, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:

. . . .

(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

§ 322.34, Fla. Stat. (2016) (emphases added); *see* § 322.01(5), (17), (36), (40), Fla. Stat. (2016) (defining "[d]river license" as "a certificate that, subject to all other requirements of law, authorizes an individual to drive a motor vehicle and denotes an operator's license as defined in 49 U.S.C. s. 30301," "[c]ancellation" as "the

act of declaring a *driver license* void and terminated," "[r]evocation" as "the termination of a *licensee's* privilege to drive," and "[s]uspension" as "the temporary withdrawal of a *licensee's* privilege to drive a motor vehicle") (emphases added); *see also* § 322.264(1)(d), Fla. Stat. (2016) (defining "habitual traffic offender" as a person whose record shows that he or she has accumulated three or more convictions within a five-year period for "[d]riving a motor vehicle while his or her *license* is suspended or revoked") (emphasis added). The Legislature did not define the term "driving privilege." *Cf.* MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/privilege (last visited Jan. 11, 2018) (defining "privilege" as "a right or immunity granted as a peculiar benefit, advantage, or favor").

Based on the clear and unambiguous language of the statute, a defendant who is a habitual traffic offender cannot be prosecuted under section 322.34(2). *Finney v. State*, 219 So. 3d 254, 256 (Fla. 1st DCA 2017). Moreover, "[a] person operating a motor vehicle on the roads of this State must possess a valid license issued by the State of Florida or fall under an exception to licensure." *State v. Miller*, 227 So. 3d 562, 564 (Fla. 2017) (citing section 322.03(1)). Considering sections 322.03 and 322.04 *in pari materia*, the term "driving privilege" "refers to all the individuals who may lawfully operate vehicles on Florida's roads, even if they do not possess a Florida driver license." *Id.* at 564. A person who does not have a Florida driver's license and who does not fall within a statutory exemption to licensure does not have any driving privilege and is guilty of driving without a valid driver's license, a violation of section 322.03. *Id.* at 564-65 (noting that the Legislature has not created enhanced penalties for persons who accumulate multiple violations of section 322.03); *see also Burgess v. State,* 198 So. 3d 1151, 1156-58 (Fla. 2d DCA 2016) (*en banc*) (interpreting "driving privilege" as "encompass[ing] an individual's ability to operate a motor vehicle in accord with law" and "at least includ[ing] both the ability to drive as conferred by a driver's license and the legal ability to drive as conferred by an exemption from licensure").

Turning to the cases before us, the trial court erred by denying Appellant's motion to dismiss for two independent reasons.[2] First,

---

[2] We note that the trial court did not have the benefit of *Finney*

given that it is undisputed that Appellant is a habitual traffic offender, he cannot be convicted under section 322.34(2).[3] *See* § 322.34(2), Fla. Stat.; *see also Finney*, 219 So. 3d at 256. Second, given that it is undisputed that Appellant has never had a Florida driver's license and he does not fall within a statutory exemption to the licensure requirement, he cannot be convicted under section 322.34(2). In light of *Miller*, we answer the rephrased certified question in the negative and conclude that a person who has never had a Florida driver's license and who is not exempt from the licensing requirement under section 322.031 or section 322.04 does not have a driving privilege such that he or she can be convicted under section 322.34(1) or section 322.34(2). A driver's license or driving privilege that does not exist cannot be canceled, suspended, or revoked.

Although in *Miller*, the Florida Supreme Court was called upon to resolve the conflict among the district courts of appeal

---

or *Miller* as its order denying Appellant's motion preceded those decisions.

[3] In *Finney*, we questioned whether the petitioner actually met the statutory definition of a "habitual traffic offender" given that his designation was based on convictions for driving while his driving *privilege* was suspended or revoked, whereas section 322.264(1)(d) requires convictions for driving while the offender's *license* is suspended or revoked. 219 So. 3d at 255 n.3. Nevertheless, we considered the petitioner a habitual traffic offender for the purposes of the case because the State did not dispute his assertion that he was one. *Id.* Likewise, here, the State did not deny in its traverse and demurrer, at the hearing on the motion to dismiss, or now on appeal that Appellant is a habitual traffic offender. To the contrary, in making a sentence recommendation, the State argued that Appellant was a habitual traffic offender. Appellant's driver record reflects that he was designated as a habitual traffic offender in 2001 and that he had five convictions between 1999 and 2003, and two additional ones in 2015, for driving while his driving privilege was suspended or revoked. Given such, we consider Appellant a habitual traffic offender for the purposes of these cases.

about whether a person who has never possessed a driver's license may be charged under section 322.34(5), Florida Statutes,[4] and held that he or she may not, its interpretation of the Legislature's use of the term "driving privilege" is unequivocal and applicable to our cases. Additionally, we agree with the Florida Supreme Court's interpretation of "driving privilege" as deriving from a Florida driver's license or a statutory exemption.

The language of section 322.34(2) is not clear and unambiguous as to the meaning of the term "driving privilege"; thus, resort to the rules of statutory construction is warranted. One such rule is the doctrine of *in pari materia,* which requires that statutes with similar subjects be construed together so as to harmonize their meaning and give effect to the Legislature's intent. *Miller*, 227 So. 3d at 564. The Legislature made clear that it is unlawful to drive a motor vehicle on Florida highways without a valid Florida driver's license, except as otherwise authorized by chapter 322. *See* §§ 322.03(1), 322.39(1), Fla. Stat. Chapter 322 in turn sets forth specific exemptions to the Florida licensing requirement, such as for nonresidents, members of the army, and federal government employees. *See* §§ 322.031, 322.04, Fla. Stat. As Appellant persuasively argues, if the State's position were correct and people had an innate privilege to drive, there would be no need for obtaining a license and persons could not be punished for driving without one. Also, Florida courts have consistently stated that a license to drive is a privilege, not a right, that is subject to regulation. *Bolware v. State*, 995 So. 2d 268, 274 (Fla. 2008). In addition, several statutes within chapter 322 indicate that "driving privilege" encompasses "driver license." *See, e.g.*, § 322.0261(2), Fla. Stat. (2016) (requiring the cancellation of certain operators' driver's license if they fail to maintain their driving privileges by attending a driver improvement course); § 322.058, Fla. Stat. (2016) (requiring in subsection (1) the suspension of the "driver license" of a person who has a delinquent support

---

[4] Section 322.34(5) provides that "[a]ny person whose *driver license* has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree . . . ." § 322.34(5), Fla. Stat. (2016) (emphasis added).

7

obligation or has failed to comply with certain orders, but requiring in subsection (2) the reinstatement of the person's "driving privilege" under certain circumstances); § 322.091(1), Fla. Stat. (2016) (seemingly equating "driving privileges" with "driver license or learner's driver license"); § 322.271(1)(b), Fla. Stat. (2016) (stating, "[a] person whose driving privilege has been revoked under s. 322.27(5)," but section 322.27(5) speaks only of the revocation of a driver's license). Similarly, several statutes indicate that "driving privilege" is something that is granted to persons by the government, such as to nonresidents. *See, e.g.*, § 322.03(1), Fla. Stat. (prohibiting driving without a valid Florida driver's license unless "authorized"); § 322.056, Fla. Stat. (2016) (speaking in terms of a person being "eligible by reason of age for a driver license or driving privilege" and requiring the courts to direct the DHSMV "to withhold issuance of [a minor's] driver license or driving privilege" under certain circumstances); § 322.091(1), Fla. Stat. (setting forth "eligibility requirements for driving privileges" for minors); § 322.263(2), Fla. Stat. (2016) (declaring the legislative intent to "[d]eny the privilege of operating motor vehicles" to persons who have demonstrated their indifference to the safety of others and their disrespect for the laws and orders); § 322.23(1), Fla. Stat. (2016) (stating, "[t]he privilege of driving . . . given to a nonresident"); § 322.271(1)(a), Fla. Stat. (stating, "a person who is ineligible to be granted the privilege of driving").

Moreover, under the principle of statutory construction *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of another. *Miller*, 227 So. 3d at 564. Unlike section 322.34(2), which speaks only of a "driver license or driving privilege," section 322.34(6) expressly distinguishes between persons operating a vehicle "[w]ithout having a driver license as required under s. 322.03" and "[w]hile . . . driver license or driving privilege is cancelled, suspended, or revoked," which indicates that the Legislature did not intend section 322.34(2) to apply to persons who have never had a license. *See* § 322.34(6), Fla. Stat. (2016) (making it a third-degree felony for a person who operates a motor vehicle "without having a driver license as required under s. 322.03; or [w]hile his or her driver license or driving privilege is canceled, suspended, or revoked" to cause death or serious bodily injury to another by the careless or negligent operation of the

8

vehicle). Another applicable principle of statutory construction is the rule of lenity, which posits that a criminal statute must be strictly construed and when its language is susceptible to differing constructions, it shall be construed most favorably to the accused. *See State v. Weeks*, 202 So. 3d 1, 10 (Fla. 2016) (citing section 775.021(1), Florida Statutes).

Interpreting "driving privilege" as authorization to drive pursuant to a valid Florida driver's license or a statutory exemption is consistent with the dictionary definition of "privilege" and with the statutory scheme in chapter 322 and gives full effect to all statutory provisions. The trial court's reason for denying Appellant's motion to dismiss, and the State's primary argument, is that under that interpretation, an unlicensed driver is punished less harshly than a licensed driver and the Legislature's intent to foster highway safety is not carried out. As we did in *Finney*, we again recognize that there appears to be "a gaping loophole in section 322.34" and reiterate that it is firmly established that courts must apply a statute as they find it and leave to the Legislature the correction of inconsistencies and inequalities in its operation. 219 So. 3d at 256 ("[B]ecause Finney cannot be prosecuted as a habitual traffic offender under section 322.34(5) since he has never been issued a driver's license, we agree with the trial court's observation that the result in this case 'goes against public policy and neglects public safety.' Indeed, there appears to be a gaping loophole in section 322.34 because as the statute is written, an offender who is a habitual traffic offender but who never had a driver's license can escape felony punishment and receive a lesser punishment than a habitual traffic offender who had obtained a license.").

Therefore, we reverse and remand with instructions to vacate Appellant's convictions under section 322.34(2)(b) and adjudicate him guilty of the lesser-included offenses of driving without a valid driver's license.

REVERSED and REMANDED.

B.L. THOMAS, C.J., and MAKAR, J., concur.

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

Andy Thomas, Public Defender, Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.