DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS G. CURRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1294

[October 31, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432004CF000877A.

Thomas G. Curry, Jasper, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the trial court's denial of appellant's rule 3.850 motion. The motion is untimely, and the retroactivity exception in Florida Rule of Criminal Procedure 3.850(b)(2) does not apply.

Appellant filed his motion in 2018 seeking to vacate a plea he entered in 2004 to felony driving while license revoked as a habitual traffic offender. § 322.34(5), Fla. Stat. (2004). His motion relied on a change in statutory interpretation that was announced in *State v. Miller*, 227 So. 3d 562 (Fla. 2017). The Florida Supreme Court in *Miller* held that a defendant, who never obtained a license, could not be convicted under section 322.34(5). *Id.* at 565. In so ruling, the court disapproved of *Newton v. State*, 898 So. 2d 1133 (Fla. 4th DCA 2005); *State v. Bletcher*, 763 So. 2d 1277 (Fla. 5th DCA 2000); and *Carroll v. State*, 761 So. 2d 417 (Fla. 2d DCA 2000), which held to the contrary. *Id.* at 563.

Appellant asserted under oath in his motion that he never had a license at the time of the plea and asserted claims of ineffective assistance of counsel. Although the conviction had become final and the sentence was

completed many years ago, in his filings, appellant has asserted that the conviction caused him to be sentenced to a 15-year mandatory minimum term as a prison releasee reoffender in a subsequent case.

The trial court considered whether appellant's motion satisfied rule 3.850(b)(2)'s exception to the two-year time limit for bringing a postconviction claim. The exception allows a motion to be filed outside the time limit where:

> (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity[.]

Fla. R. Crim. P. 3.850(b)(2). The trial court concluded that "[t]he Florida Supreme Court's decision in *Miller* does not assert a fundamental right which requires retroactivity to achieve fairness" and that appellant's claims did not meet any other exception to the two-year time limit in rule 3.850.

We agree with the trial court that appellant's motion was untimely and that the rule 3.850(b)(2) exception is not met as *Miller* did not announce a new fundamental constitutional rule and, therefore, is not retroactive.

Additionally, we don't believe that the change in *Miller* would be subject to retroactive application under *Witt v. State,* 387 So. 2d 922 (Fla. 1980). "*Witt* held that only major constitutional changes will be cognizable in connection with a claim seeking retroactive application of the law. . . . [C]onstitutional changes that are equivalent to a jurisprudential upheaval in criminal law warrant retroactive application—not *evolutionary refinements in criminal law.*" *Walton v. State,* 77 So. 3d 639, 643 (Fla. 2011); *see also State v. Barnum,* 921 So. 2d 513, 523-24 (Fla. 2005) (rejecting any "clarification versus change" in law distinction and holding that retroactivity of decisional law in Florida is controlled solely by *Witt*); *State v. Glenn,* 558 So. 2d 4, 7 (Fla. 1990) ("In practice, because of the strong concern for decisional finality, this Court rarely finds a change in decisional law to require retroactive application.").

"The doctrine of finality should be abridged only when a more compelling objective appears, such as ensuring fairness and uniformity in individual adjudications." *Witt,* 387 So. 2d at 925. The Florida Supreme Court rejected "in the context of an alleged change of law, the use of post-conviction relief proceedings to correct individual miscarriages of justice

or to permit roving judicial error corrections, in the absence of fundamental and constitutional law changes which cast serious doubt on the veracity or integrity of the original trial proceeding." *Id.* at 929.

*Miller* is an evolutionary refinement in how section 322.34(5), Florida Statutes, should be interpreted—not a constitutional development of fundamental significance. *See, e.g., State v. Woodley*, 695 So. 2d 297, 298 (Fla. 1997) (holding that *State v. Gray,* 654 So. 2d 552 (Fla. 1995), which had abolished the crime of attempted felony murder in Florida, did not apply retroactively).

*Affirmed.*

GERBER, C.J., FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***