# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1157

_____

WILLIE FLOYD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

November 20, 2018

WINSOR, J.

Willie Floyd is what state law calls a "habitual traffic offender." *See* § 322.264, Fla. Stat. (2014). When an officer pulled him over for going nearly double the speed limit, the officer discovered that Floyd's license had been suspended or revoked some fifteen times—and that it was still revoked. The State charged Floyd with violating section 322.34(5), which provides that "[a]ny person whose driver license has been revoked pursuant to [the habitual traffic offender statute] and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree." He was convicted and sentenced to 33.5 months in prison.

By its own terms, the statute applies only if a "driver license has been revoked," *id.*, and the Florida Supreme Court has confirmed that the statute does not apply to those who never had a license in the first place, *State v. Miller*, 227 So. 3d 562, 565 (Fla. 2017) ("Having a driver license that has been revoked under the habitual traffic offender statute, section 322.264, Florida Statutes, is a necessary element of a section 322.34(5) offense."). Floyd's sole argument on appeal is that he never had a "driver license" because he had only a "learner's permit." He argues concisely: "A learner's permit is not a driver's license." Init. Br. at 7. If Floyd were correct on this point, he would prevail under *Miller*. But he is not correct.

Although Floyd (and perhaps others) refer colloquially to a "learner's permit," the Florida Legislature chose to classify what Floyd held as a "learner's driver license." § 322.1615, Fla. Stat. Moreover, the Legislature defined "driver license" to mean "a certificate that, subject to all other requirements of law, authorizes an individual to drive a motor vehicle and denotes an operator's license as defined in 49 U.S.C. s. 30301." § 322.01(17), Fla. Stat.; *see also* 49 U.S.C. § 30301 ("'[M]otor vehicle operator's license' means a license issued by a State authorizing an individual to operate a motor vehicle on public streets, roads, or highways."). A "learner's driver license" indeed authorizes a holder to drive a motor vehicle, albeit with certain restrictions. § 322.1615, Fla. Stat. (providing that "[a] person who holds a learner's driver license may operate a vehicle" subject to certain restrictions). The most notable restriction is that someone with a "learner's driver license" may drive only when a licensed driver over 21 is riding up front. *Id.* Floyd correctly notes that the license "does not allow someone to drive a car by themselves," Init. Br. at 7, but it does allow someone to drive a car. The statutory definition of "driver license" includes learner's licenses like the one Floyd once held.

AFFIRMED.

B.L. THOMAS, C.J., and WETHERELL, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.