NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEVEN WOODBURY,            )
                           )
          Appellant,       )
                           )
v.                         )          Case No. 2D19-2930
                           )
STATE OF FLORIDA,          )
                           )
          Appellee.        )
_____ )

Opinion filed September 4, 2020.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Charlotte County; George C. Richards,
Judge.

SLEET, Judge.

Steven Woodbury challenges the summary denial of his Florida Rule of

Criminal Procedure 3.850 motion for postconviction relief.  We reverse and remand for

further proceedings.

On November 8, 2017, Mr. Woodbury pleaded guilty to one count each of

driving while license canceled, suspended, or revoked (DWLS) pursuant to section

322.34(2)(c), Florida Statutes (2017), and leaving the scene of an accident with property

damage pursuant to section 316.061(1), Florida Statutes (2017).  The court sentenced

Mr. Woodbury to seven months' imprisonment in the county jail on the DWLS count. He did not file a direct appeal.

In his postconviction motion, Mr. Woodbury raised one claim of ineffective assistance of counsel. To allege a facially sufficient claim for ineffective assistance of counsel, a defendant must plead sufficient facts to establish that his trial counsel's performance was deficient and that he was prejudiced thereby. Martin v. State, 205 So. 3d 811, 812 (Fla. 2d DCA 2016) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). To establish the deficiency prong, the defendant must show that counsel's "errors [were] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Hodges v. State, 885 So. 2d 338, 345 (Fla. 2004) (quoting Strickland, 466 U.S. at 687). "In the plea context, a defendant satisfies the prejudice requirement only where he can demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Hernandez v. State, 124 So. 3d 757, 762 (Fla. 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

"We review the postconviction court's summary denial of a rule 3.850 motion de novo." Duncan v. State, 232 So. 3d 450, 452 (Fla. 2d DCA 2017).

> To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record.

McLin v. State, 827 So. 2d 948, 954 (Fla. 2002) (quoting Foster v. State, 810 So. 2d 910, 914 (Fla. 2002)).

- 2 -

Mr. Woodbury claimed that his counsel was ineffective for misadvising him to enter a plea to the DWLS charge because he had never possessed a valid driver license and therefore his two prior predicate DWLS offenses and the instant charge did not qualify him to be convicted under section 322.34(2)(c). He claimed that had he been properly advised, he would not have entered a plea and would have insisted on going to trial. The applicable subsection of section 322.34(2)(c), which was in effect at the time of Mr. Woodbury's offense and plea, provided in pertinent part:

> (2) Any person whose driver license or driving privilege has been canceled, suspended, or revoked as provided by law . . . who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
>
> . . . .
>
> (c) A third or subsequent conviction is guilty of a felony of the third degree . . . .

Mr. Woodbury cites State v. Miller, 227 So. 3d 562 (Fla. 2017), which was issued on September 28, 2017—after his offense but before he entered his plea—to support his position. In Miller, the Florida Supreme Court held that

> [t]he plain language of section 322.34(5), Florida Statutes, provides that an offender must have had his or her driver license revoked as a habitual traffic offender in order for the felony penalty to apply. The State cannot revoke a license that never existed. Consequently, a person cannot violate section 322.34(5) without ever having obtained a driver license.

Id. at 564. Section 322.34(5), the habitual traffic offender subsection of 322.34, omits the "driving privilege" language of section 322.34(2)(c) and only includes language that the offender must have had his or her driver license revoked. § 322.34(5) ("Any person

whose driver license has been revoked pursuant to s. 322.264 (habitual offender) . . . [commits a crime].").

The postconviction court summarily denied Mr. Woodbury's claim because he was convicted under subsection (2)(c) and not subsection (5). It found that Miller therefore did not apply to Mr. Woodbury. But the basis for the supreme court's holding concerning subsection (5) is the fact of never having obtained a driver license. That fact applies equally to subsection (2)(c). The postconviction court ignored the Miller court's discussion of "driving privilege," which language is included in subsection (2)(c). The supreme court stated in dicta that "[i]ndividuals . . . who drive in Florida without ever having obtained a license or having an exemption to licensure, do not have any 'driving privilege' " and "are guilty of a second-degree misdemeanor for violation of section 322.03, Florida Statutes." Miller, 227 So. 3d at 564-65. It appears that Mr. Woodbury may fall into this category of individuals.[1]

The postconviction court did not attach any records that refute Mr. Woodbury's claim that he has never had a driver license. Accordingly, we reverse and remand for the postconviction court to either attach portions of the record that refute Mr. Woodbury's claim or hold an evidentiary hearing.

Reversed and remanded.

LaROSE and BLACK, JJ., Concur.

---

[1]We note that after Miller, the Florida Legislature amended section 322.34(2)(c) to include language regarding people who have never had a driver license or a driving privilege. See § 322.34(2), Florida Statutes (2019) ("Any person whose driver license or driving privilege has been canceled, suspended, or revoked as provided by law, or who does not have a driver license or driving privilege but is under suspension or revocation equivalent status as defined in s. 322.01(41) [commits a crime.]" (emphasis added)).